[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties' marriage was dissolved by judgment entered March 30, 1990 at which time the court (Barnett, J.) approved a stipulation and agreement (#104) of the parties, paragraph 19 providing for "children's trust funds" for "college or similar higher education expenses" with the trust terminating when each child attains 25 years, modified by agreement dated 19 February 1991 (#111), the defendant agreeing to fund the trusts and provide plaintiff with copies of the trust and deposits by April 30, 1991. On October 1992 the plaintiff obtained an application for show cause order to modify child support and a second one to adjudge the defendant in contempt for failure to create the said trusts. Instead, he had created bank UGTM accounts which would result in the trust res being released to each minor on the 18th birthday, thereby frustrating the purpose of the original trust terms.
It was only after several court appearances that the defendant was prevailed upon to vacate the UGTM accounts and to fund the trusts originaly [originally] agreed upon.
The defendant was not previously adjudged in contempt. The attorney who represented the defendant when the agreement was CT Page 5948 first made was called as a witness but displayed no memory nor notes of the advice given the defendant who maintained that counsel had approved of the UGTM accounts. There was great reluctance on the defendant's part to comply with the terms of the judgment. The court concludes that the defendant wilfully and intentionally created the incorrect accounts and then resisted the plaintiff's attempts to correct the situation.
The defendant is found to have been in contempt of court. Since civil contempt orders are coercive and not punitive, no order need now be entered. However, the plaintiff has incurred considerable expense to have the defendant make the corrections, much of which would have been unnecessary had the defendant acted with alacrity. The plaintiff is awarded attorney's fees of $2,000 and costs of $273. The defendant is ordered to pay said sum at the rate of $50 weekly after an initial payment of $500 to be paid within 30 days and the weekly payments commencing one week thereafter. These orders are supported by 46b-87 Conn. Gen. Statutes. Aas [As] an allowance to prosecute the orders are justified by the need of plaintiff to come to court several times to obtain compliance by the defendant, Tatro v. Tatro, 24 Conn. App. 180,190.
So ordered.
HARRIGAN, J.